GUIDRY, Judge,
concurring.
I agree with the majority that the delay occasioned by the granting of defendant’s motion for a change of venue extended to August 8, 1990, the date when the record was received in the new venue, and constitutes an interruption within the intendment of La.C.Cr.P. art. 579 A(2), which provides for interruption if the defendant cannot be tried for cause beyond the control of the State. Defendant could not have been tried in the newly designated venue until such time as the record was lodged therein. However, I believe that, at the very least, *1366 the 104 day delay between the ruling on defendant’s change of venue on April 26, 1990 and lodging of the record in the new venue on August 8, 1990 constitutes a period of suspension which, when added to the several periods of suspension since defendant’s indictment, reflect that the State did commence the defendant’s trial within the period of limitation.
The following calculation explains this:
10/5/89 — Defendant indicted.
10/5/91 — End of two-year period of limitation, La. C.Cr.P. art. 578(2), except that several periods of suspension extended this deadline.
147 days — Delay from filing of first motions on November 30, 1989, until ruling on April 26, 1990.
31 days — Delay from filing of defendant’s second motion for continuance on February 1, 1991, and granting on March 4, 1991.
104 days — Delay from ruling on change of venue on April 26, 1990, order designating new venue on May 10, 1990, and receipt of record in new venue on August 8, 1990.
282 days — Total period of suspension.
If the suspension period of 282 days as set forth above is added to the two year period of limitation, defendant’s trial could have commenced no later than July 15, 1992.Since the State set defendant’s trial for July 6, 1992, the ruling of the trial court granting the defendant’s motion to quash was incorrect.
In connection with the above, although La.C.Cr.P. art. 580 provides that the running of a period of limitation is suspended from the filing of the motion “until the ruling of the court,” in my view, when an exception of venue is filed, the ruling of the court is not complete until the records of the case are transmitted to the designated venue.
For these reasons, I respectfully concur.